*1027 FARRELL, Senior Judge,
concurring:
Had appellant brought this appeal on Fourth Amendment grounds, we almost certainly would have reversed his convictions on that basis, for reasons apparent from Judge Beckwith’s opinion and footnote 1 of Judge Thompson’s opinion concurring in the judgment. But appellant has not sought reversal on that ground, and accordingly the government discusses the legality of the search and seizure only as part of its Brady materiality analysis. Judge Thompson suggests that our unwillingness to stray from the framework presented by the parties leads us unnecessarily to decide a novel issue of Brady’s applicability (vel non) to Fourth Amendment suppression hearings. But the government, for its part, barely alludes to that issue as a basis for us to find no “plain error” in the trial court’s resolution of an (in its view) unpreserved Brady claim. And even then, the government does not suggest the refined distinction Judge Thompson makes between “impeaching” Brady evidence, applicable to suppression hearings, and “exculpatory” Brady evidence, inapplicable to them in her view unless negating guilt on the general issue, even if favorable to a winning suppression motion.
I join Judge Beckwith’s opinion because it seems to me consistent with the understanding of our cases. Judge Thompson’s position, or a variant of it, is one I can imagine the government advancing in a future case, but not before a good deal of reflection. Should Brady have no bearing, for example, on a prosecutor’s purposeful, deliberate concealment of evidence— whether “exculpatory” or not — that he knows would require Fourth Amendment suppression if revealed?' Or might the government, borrowing from exclusionary rule analysis, limit itself to arguing that a Brady reversal perhaps years after trial for a prosecutor’s inadvertent, unintentional nondisclosure of evidence favorable to a defense suppression motion — but not otherwise “exculpatory” — exacts too great a cost to a conviction returned on probative and reliable evidence of guilt. Cf. Herring v. United States, 555 U.S. 135, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009). Judge Thompson’s analysis provocatively raises questions of this sort, but this case is not the place to consider them.